**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NOELIA TUDURI,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF DELANEY HALL DETENTION FACILITY, et al.,<br><br>Respondents. | Civil Action No: 26-14185 (SDW)<br><br>**WHEREAS OPINION**<br><br>November 2, 2026 |

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court upon *pro se* Petitioner Noelia Tuduri's ("Petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1); and

**WHEREAS** Petitioner challenges her immigration detention in Delaney Hall Detention Facility (ECF No. 1 at 2); and

**WHEREAS** Habeas Rule 2 provides in relevant part that a petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." 28 U.S.C. § 2254 Rule 2(c)(1)-(2) (made applicable to § 2241 proceedings by Rule 1(b)); and

**WHEREAS** "[u]nder Rule 8(a), applicable to ordinary civil proceedings, a complaint need only provide fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (internal quotation marks omitted). "Habeas Corpus Rule 2(c) is more demanding. It provides that the petition must 'specify all the grounds for relief available to the petitioner' and 'state the facts supporting each ground.'" *Id.* "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243); and

**WHEREAS** "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); and

**WHEREAS** the Petition does not contain any facts in support of Petitioner's challenge to her detention. The body of the Petition says "see attached for all grounds, supporting facts, and legal memorandum," (ECF No. 1 at 6), but there are no attachments other than what appears to be medical documents, (*see generally* ECF No. 1-1); and

**WHEREAS** this Court will direct the Clerk to send Petitioner a blank habeas form for her to complete and return for this Court's consideration; and

**WHEREAS** Petitioner shall return the amended petition within 30 days. Otherwise, this Court shall dismiss the Petition.

An appropriate order follows.

**SUSAN D. WIGENTON, U.S.D.J.**